PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

15 CV 473

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TIRELL GRANT,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. TERRY BURNS,
P.O. KENNETH RUSSELL,

                Defendants.

-----------------------------------------------------------X

JUDGE RAMOS

**COMPLAINT**

Jury Trial

RECEIVED
JAN 22 2015
U.S.D.C. S.D.N.Y.

Plaintiff TIRELL GRANT by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of Bronx, City and State of New York.

7.    Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendants Burns and Russell are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9.    On July 16, 2012, plaintiff was in the vicinity of 2249 Morris Avenue, in Bronx, New York.

10.    Plaintiff was waiting for a friend and talking to his neighbors. Plaintiff had committed no crime.

11. At that point, defendants Burns and Russell approached plaintiff and accused him of smoking marijuana.

12. Plaintiff denied that he was smoking.

13. Despite the fact that plaintiff was not smoking marijuana and despite the fact that his neighbors told the defendants that plaintiff was simply standing there, defendants arrested plaintiff.

14. Plaintiff was falsely charged with criminal possession of marijuana and unlawful possession of marijuana.

15. Plaintiff was held for more than 24 hours before he was released on his own recognizance.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

16. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

17. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

18. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial and Due Process)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

21. Defendants fabricated evidence and falsified that they recovered marijuana cigar from plaintiff.

22. Because of these false accusations and trumped up charge, plaintiff was held in custody for more than 24 hours. Plaintiff had to endure over 20 court appearances over a period of 2 years before he gave up and took an ACD.

23. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Fifty Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       January 20, 2015

                                          PAWAR LAW GROUP, P.C.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By: _____
                                        Robert Blossner, Esq. (RB0526)
                                        Vik Pawar, Esq. (VP9101)
                                        *Attorneys for Plaintiff*